UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEANNA S.,

              Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.
_____

**DECISION AND ORDER**

1:17-CV-00936-EAW

## INTRODUCTION

Plaintiff Deanna S. ("Plaintiff") seeks attorneys' fees in the amount of $25,127.34 pursuant to 42 U.S.C. § 406(b). (Dkt. 21). The Commissioner of Social Security ("the Commissioner") does not object to the requested amount and defers to the Court concerning the timeliness and the reasonableness of Plaintiff's fee request. (Dkt. 25). For the reasons that follow, the Court grants Plaintiff's motion.

## BACKGROUND

On September 19, 2017, Plaintiff filed this action, seeking review of the Commissioner's final decision denying her application for Disability Insurance Benefits. (Dkt. 1). Plaintiff moved for judgment on the pleadings on May 30, 2018. (Dkt. 10). The Commissioner responded and cross-moved for judgment on the pleadings on July 23, 2018. (Dkt. 13). On February 19, 2020, the Court granted Plaintiff's motion, reversed the Commissioner's decision, and remanded the matter for further proceedings. (Dkt. 17).

By Stipulated Order filed on February 28, 2020, the Court approved payment of $6,999.00 to Plaintiff's counsel for services performed in connection with this action, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). (Dkt. 20).

On June 16, 2021, the Commissioner issued a Notice of Award in connection with Plaintiff's claim, which stated that the Commissioner withheld $18,945.38, or 25 percent of Plaintiff's past-due benefits to be paid to Plaintiff's representative for legal services rendered. (Dkt. 21-5 at 5). On July 2, 2022, the Commissioner issued three more Notices of Award, one for each minor child of Plaintiff, withholding 25 percent of their past-due benefits, or $6,181.96. (Dkt. 21-6 at 2, 6, 12). That same day, the Commissioner issued an updated Notice of Award notifying Plaintiff that it withheld the total of $25,127.34 in past-due benefits associated with Plaintiff's and her family's claims. (Dkt. 21-7).

On July 3, 2022, Plaintiff moved pursuant to 42 U.S.C. § 406(b) seeking $25,127.34 in attorneys' fees. (Dkt. 21). In his motion, Plaintiff's counsel indicates that he was awarded the sum of $6,999.00 under the EAJA, which he will refund to Plaintiff once the instant fee application is resolved. (Dkt. 21-2 ¶ 16-17). The Commissioner filed a response on July 26, 2022. (Dkt. 25).

## DISCUSSION

### I.    Timeliness of the Motion

Generally, a fee application under § 406(b) must be filed within 14 days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(1). Rule 54(a)(2)(B) as applied to § 406(b) motions for attorneys' fees, requires that a party moving for attorneys' fees file the motion within 14 days of notice of a benefits award. *Sinkler v. Berryhill*, 932 F.3d 83, 88 (2d Cir.

2019). Additionally, a presumption applies that a notice is received "three days after mailing." *Id*. at 89 n.5.

Here, the Commissioner issued the updated Notice of Award on July 2, 2022. (Dkt. 21-7). Plaintiff's counsel filed his application on July 3, 2022, one day after the Notice. (Dkt.21). Accordingly, Plaintiff's application is timely.

## II.     Reasonableness of the Motion

Section 406(b) provides, in relevant parts, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A). In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed 25 percent of the total past-due benefits. Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id*. (citing § 406(b)). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

Accordingly, a fee is not automatically recoverable simply because it is equal to or less than 25 percent of the client's total past-due benefits. "To the contrary, because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the

attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Gisbrecht*, 535 U.S. at 807 n.17.  As such, the Commissioner's failure to oppose the motion is not dispositive.  *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017).   Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap[;]" (2) "whether there has been fraud or overreaching in making the agreement[;]" and (3) "whether the requested amount is so large as to be a windfall to the attorney."  *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).  Also relevant are the following: (1) "the character of the representation and the results the representative achieved[;]" (2) "the amount of time counsel spent on the case[;]" (3) whether "the attorney is responsible for delay[;]" and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases."  *Gisbrecht*, 535 U.S. at 808.

When determining whether a requested fee constitute a windfall, courts are required to consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient[,]" (2) "the nature and length of the professional relationship with the claimant— including any representation at the agency level[,]" (3) "the satisfaction of the disabled claimant[,]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result."  *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022).

Here, Plaintiff's counsel seeks $25,127.34 represented to be 25 percent of the past-due benefits.  Utilizing the factors set forth above, the Court finds that there is no evidence of fraud or overreaching in the making of the contingency agreement between counsel and

Plaintiff. Although counsel sought two extensions during the course of Plaintiff's litigation (Dkt. 8; Dkt. 14), the Court does not find that either of them delayed any court proceedings in an attempt to inflate past-due benefits or the potential fee award. Counsel provided effective representation resulting in Plaintiff successfully receiving the benefits sought. The hours expended by counsel on the case were reasonable in light of the issues presented and the extent of counsel's representation.

The requested fee would result in a *de facto* hourly rate of $722.05 ($25,127.34 divided by 34.8 hours). (Dkt. 21-8). Although some courts in this Circuit have held that *de facto* hourly rates above $500.00 per hour are unreasonable, *Morris v. Saul*, 17-CV-259 (PKC), 2019 WL 2619334, at *3 (E.D.N.Y. June 26, 2019) (collecting cases), other courts have allowed rates in excess of the rate counsel seeks in this matter. *See, e.g., Jennifer W. v. Saul*, 18-CV-493F, 2021 WL 1624288, at *3 (W.D.N.Y. Apr. 27, 2021) (approving an effective hourly rate of $812.75 where plaintiff prevailed on motion for judgment on the pleadings); *Douglas M. v. Saul*, 17-CV-1187F, 2021 WL 1298491, at *3 (W.D.N.Y. Apr. 6, 2021) (approving an effective hourly rate of $841.87 where plaintiff prevailed on motion for judgment on the pleadings); *Lucia M. v. Saul*, 15-CV-270F, 2021 WL 1298489, at *4 (W.D.N.Y. Apr. 6, 2021) (approving an effective hourly rate of $906.76).

Having considered the required factors, the Court finds that counsel's effective hourly rate of $722.05 is in line with awards generally approved in this district for similar work performed. *See, e.g.*, *Fields,* 24 F.4th at 851, 856 (2d Cir. 2022) (an effective hourly rate of $1,556.98 was not a "windfall"); *Amy Sue H. v. Comm'r of Soc. Sec.*, 1:17-cv-00713-JJM, 2021 WL 4519798, at *3 (W.D.N.Y. Oct. 4, 2021) (collecting cases finding

effective hourly rates between $697.20 and $1,000 to be reasonable in this district). The Court is also "mindful that 'payment for an attorney in a social security case is inevitability uncertain.'" *Buckley v. Berryhill*, 15-CV-0341-A, 2018 WL 3368434, at *2 (W.D.N.Y. July 10, 2018) (quoting *Wells*, 907 F.2d at 371). Accordingly, "the Second Circuit has recognized that contingency risks are necessary factors in determining reasonable fees under § 406(b)." *Id*. (quotation marks omitted).

The Court also notes that counsel is required to return the previously awarded EAJA fee of $6,999.00 to Plaintiff. (Dkt. 20). *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . .").

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for attorneys' fees under § 406(b) (Dkt. 21) is granted, and the Court hereby orders as follows: (1) Plaintiff's counsel shall be paid attorneys' fees in the amount of $25,127.34 out of funds withheld from Plaintiff's past-due benefits; and (2) Plaintiff's counsel is hereby directed to remit the previously awarded EAJA fee of $6,999.00 to Plaintiff.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      September 12, 2022
            Rochester, New York